Opinion
WENKE, J.
Appellant, a duly licensed member of the California State Bar, pleaded guilty to a single count of violating Business and Professions Code section 6152,[1] commonly known as “ambulance chasing.”
Originally, appellant raised several grounds, including a contention that this particular statute did not include attorneys at law within its ambit. However, in the interim this issue has been resolved adversely to appellant’s position. (Hutchins v. Municipal Court (1976) 61 Cal.App.3d 77 [132 Cal.Rptr. 158].)
*Supp. 3 A second contention related to the alleged failure to file an amended complaint, following the sustaining of a demurrer, within the 10-day period provided by Penal Code section 1008. However, the record does not support this contention. Incident to a writ proceeding it was determined that the docket entry reflecting the sustaining of the demurrer in question was in error and that in fact the demurrer was never sustained but was eventually overruled.
Appellant’s principal contention is a claim that any interference with his right to engage in in-person solicitation is an abridgement of his freedom of speech, i.e., a denial of the rights guaranteed by the First and Fourteenth Amendments to the Constitution of the United States and article I, section 2 of the California Constitution,[2]
Recently, in Goldman v. State Bar (1977) 20 Cal.3d 130 [141 Cal.Rptr. 447, 570 P.2d 463], our Supreme Court suspended two attorneys who had violated the Rules of Professional Conduct by soliciting professional employment. Their conduct was comparable to that for which appellant stands convicted. While the opinion did not deal directly with freedom of speech, the court noted (fn. 8, id., at p. 141) that the Supreme Court of the United States, in Bates v. State Bar of Arizona (1977) 433 U.S. 350 [53 L.Ed.2d 810, 97 S.Ct. 2691]),[3] while not undertaking the resolution of the matter, observed that the problems associated with in-person solicitation might well involve overreaching and misrepresentation not encountered in newspaper advertising. One could reasonably infer from Goldman that the Supreme Court of California would not accord First Amendment protection to in-person solicitation of legal business.
The practice of law is not a business or trade; it is a profession and among the professions it is especially amenable to regulation. In this regard we cannot improve upon the language found in Goldfarb v. Virginia State Bar (1975) 421 U.S. 773, 792 [44 L.Ed.2d 572, 588, 95 S.Ct. 2004]: “We recognize that the States have a compelling interest in the *Supp. 4 practice of professions within their boundaries, arid that as part of their power to protect the public health, safety, and other valid interests they have broad powers to establish standards for licensing practitioners and regulating the practice of professions. We also recognize that in some instances the State may decide that ‘forms of competition usual in the business world may be demoralizing to the ethical standards of a profession.' [Citations] The interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice and have historically been ‘officers of the courts.’ [Citations.]”
While lawyers cannot be deprived of constitutional rights assured to others, their special status subjects them to limitations incident to their professional lives that are consistent with due process. (Cohen v. Hurley (1961) 366 U.S. 117 [6 L.Ed.2d 156, 81 S.Ct. 954].)[4]
Appellant leans heavily on Jacoby v. State Bar (1977) 19 Cal.3d 359 [138 Cal.Rptr. 77, 562 P.2d 1326], In Jacoby the court held that an attorney could not be disciplined for cooperating in the publication of a news- article or broadcast on a newsworthy topic, even when the attorney himself is the subject. The court in Jacoby, after a thorough discussion of Belli v. State Bar (1974) 10 Cal.3d 824 [112 Cal.Rptr. 527, 519 P.2d 575], and Bigelow v. Virginia (1975) 421 U.S. 809 [44 L.Ed.2d 600, 95 S.Ct. 2222] stated, in effect, that a communication that serves no discernible purpose other than the attraction of clients is outside the scope of First Amendment protection. (Jacoby, supra, at p. 371.) Appellant makes no contention and the statute in question obviously does not contemplate a valid purpose, e.g., the communication of information and dissemination of opinion in the sense of Bigelow v. Virginia, supra, at page 822 [44 L.Ed.2d at page 612]. The statute before us deals solely with the solicitation of clients.
In Bates v. State Bar of Arizona, supra, the court discussed at length (433 U.S. at pp. 367-379 [53 L.Ed.2d at pp. 826-833,97 S.Ct. pp. 2701-2707]) the justifications for the restriction of the price advertising of routine legal services, e.g., uncontested divorces, uncontested adoptions, simple personal bankruptcies, and changes of name, as against society’s interest in the right to access to this information. The justifications advanced by the *Supp. 5 State Bar of Arizona were: (a) the adverse effect on professionalism; (b) the inherently misleading nature of attorney advertising; .(c) the adverse effect on the administration of justice; (d) the undesirable economic effects of advertising; (e) the adverse effect of advertising on the quality of service; and (f) the difficulties of enforcement.
After balancing the respective interests, the court upheld the right to advertise, but in doing so it made it abundantly clear that its holding was limited to the advertising of routine legal services. (433 U.S. at p. 383 [53 L.Ed.2d at p. 835, 97 S.Ct. at p. 2708].) It explicitly stated that it was not holding that advertising by attorneys may not be regulated in any way. (433 U.S. at p. 383 [53 L.Ed.2d at p. 835, 97 S.Ct. at p. 2708].) By clear implication it recognized that claims with respect to the quality of legal services, necessarily a major part of in-person solicitation, presented problems of deception, extravagance, and confusion that were minimal in the performance of routine legal services. (433 U.S. at p. 383 [53 L.Ed.2d at p. 835, 97 S.Ct. at p. 2709].) After weighing the respective contentions, the court determined that the interest of the public in access to the information, i.e., the ability to make informed and reliable decisions, should prevail. However, while the court sustained the First Amendment right in Bates, the clear tenor of its opinion, including a specific disclaimer of any intent to resolve the problems associated with in-person solicitation, is that it would not accord similar protection to in-person solicitation.
Solicitation does, of course, involve speech. Speech is protected by the First Amendment from criminal prosecution except where the state has a compelling interest to limit this right. The Supreme Court of the United States, in United States v. O’Brien (1968) 391 U.S. 367 [20 L.Ed.2d 672, 88 S.Ct. 1673] enunciated this principle thusly: “This court has held that when ‘speech’ and ‘nonspeech’ elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms. To characterize the quality of the governmental interest which must appdar, the Court has employed a variety of descriptive terms: compelling; substantial; subordinating; paramount; cogent; strong. Whatever imprecision inheres in these terms, we think it clear that a government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is *Supp. 6 essential to the furtherance of that interest.” (See Va. Pharmacy Bd. v. Va. Consumer Council (1976) 425 U.S. 748 [48 L.Ed.2d 346, 96 S.Ct. 1817].)
There is no claim by appellant that the regulation of the legal profession is beyond the constitutional power of the state.
The compelling state interest involved which requires criminal prosecution is the protection of its citizens from the probability of fraud, deception, and overreaching inherent in the practice of “ambulance chasing.” In-person solicitation, with its attendant employment of “high-pressure” tactics at a time when persons are least able to exercise a free and independent judgment, has an adverse impact on the process of making an intelligent, thoughtful determination as to whether or not counsel will be employed and the subsequent selection of same. As a matter of fact it tends to diminish rather than enhance the free flow of information in that it perverts and disrupts the ordinary communication and activity incident to the public’s right to select counsel of its own free will. In effect, this legislation is designed to prevent a type of consumer fraud, a matter of legitimate public concern. Speech itself is not the evil; rather, the act of entering into contracts for legal representation, to which speech is merely incidental. Clearly, this statute satisfies the compelling state interest criteria justifying a restriction on free speech.
It follows, then, that neither the First Amendment of the federal Constitution nor article I, section 2 of the California Constitution afford appellant an avenue of escape. Accordingly, we hold that Business and Professions Code section 6152 is a legitimate exercise of the police power.
The judgment of conviction is affirmed.
Cole, P. J., and Alarcon, J., concurred.

Section 6152, subdivision (a) provides in material part:
“(a) It is unlawful for: (1) Any person, in his individual capacity or in his capacity as a public or private employee, or for any firm, corporation, partnership or association to act as a runner or capper for any such attorneys or to solicit any business for any such attorneys in and about the state prisons, county jails, city jails, city prisons, or other places of detention of persons, city receiving hospitals, city and county receiving hospitals, county hospitals, justice courts, municipal courts, superior courts, or in any public institution or in any public place or upon any public street or highway or in and about private hospitals, sanitariums or in and about any private institution or upon private property of any character whatsoever.”

The First Amendment, insofar as pertinent, declares: “Congress shall make no law... abridging the freedom of speech ....”
Article I, section 2 of the California Constitution provides: “Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty-of speech or press.”

Bates held, on First Amendment grounds, that the State Bar of Arizona may not “prevent the publication in a newspaper of [its members’] truthful advertisement concerning the availability and terms of routine legal services.” (Id, at p. 384 [53 L.Ed.2d at p. 836].)

In Cohen v. Hurley a lawyer was disbarred for failure to answer questions respecting his practice in.connection with an “ambulance chasing” investigation. His disbarment was upheld despite his contention that in effect he was being denied his privilege against self-incrimination.